IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTEL MCCURRY,  )
No. M- 10261,  )
    Plaintiff,  )
  )
vs.  )  Case No. 17−cv–296-MJR
  )
S. DUNCAN,  )
WARDEN GOINES,  )
C/O CAYE-WOOD,  )
C/O HITCHCOX,  )
C/O RONIN,  )
C/O SAUNDERS,  )
LT. OCHS,  )
LT. WHEELER,  )
SGT. HARPER,  )
SGT. CASBURN,  )
HOUGH,  )
LT. CARRIE,  )
C/O COOPER,  )
COUNSELER KITTIE, and  )
COUNSELER RAY,  )
    Defendants.

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Mattel McCurry, presently an inmate in Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Prior to being incarcerated at Menard, Plaintiff was incarcerated at Lawrence Correctional Center ("Lawrence"). Plaintiff generally alleges that, while incarcerated at Lawrence, Lawrence officials intentionally exposed Plaintiff's underlying criminal convictions,[1]

---

[1] Plaintiff was convicted of four counts of aggravated criminal sexual assault and two counts of aggravated domestic battery. He was sentenced to 27 years in prison. *See People v. McCurry,* 961 N.E.2d 900 (Ill. App. Ct. 2011).

1

placing Plaintiff's life in danger. In connection with these claims, Plaintiff sues numerous Lawrence officials. Plaintiff seeks monetary relief. Additionally, Plaintiff seeks injunctive relief in the form of an order directing officials at Lawrence to place Plaintiff in protective custody and to strictly sanction the officials that violated his constitutional rights.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff alleges that Lawrence officials intentionally informed other inmates and prison staff that Plaintiff's underlying convictions involved sexual assault and domestic abuse, knowing that convictions of this nature are "unacceptable" and "despised" by inmates and prison staff. (Doc. 1, pp. 3, 12). Plaintiff contends that, as a result, he has been threatened by other inmates and mistreated by prison staff. (Doc. 1, pp. 3-11). Plaintiff further alleges that an "individual defendant" ordered another inmate to physically assault Plaintiff because of his underlying convictions and that this inmate carried out the assault "to the best of his ability." (Doc. 1, p. 4). In addition, Plaintiff contends he has been assaulted by inmates and threatened by Lawrence staff on "numerous occasions." (Doc. 1, p. 7). According to Plaintiff, he has submitted emergency grievances seeking protective custody and/or a transfer out of Lawrence, but his requests have been ignored. (Doc. 1, pp. 4, 7).

The allegations described above might be sufficient to state a claim for relief if they were directed at a specific defendant and described the alleged wrongful conduct with more specificity. In the instant case, however, a majority of Plaintiff's claims are not directed at any particular defendant. Instead, Plaintiff brings allegations as to generic individuals or groups of individuals, including "the individual defendant", "the defendants", "officers", "officials", a "c/o" (more than one "c/o" has been named as a Defendant), and a "Sgt." (more than one "Sgt." Has been named as a Defendant). (*See e.g.* Doc. 1, pp. 3-4, 7, 12). In addition, the Complaint includes very little specificity regarding the alleged threats and assaults. After reviewing the Complaint, the Court notes the following allegations as to specific defendants:

**Caye-Wood**

On February 2, 2016, Caye-Wood began to tell other inmates about Plaintiff's underlying convictions. (Doc. 1, p. 12). Subsequently, other inmates began to threaten Plaintiff and have extorted money out of the Plaintiff. (Doc. 1, p. 12).

**Goines**

Plaintiff filed numerous emergency grievances with Goines. (Doc. 1, p. 4). The grievances were ignored. (Doc. 1, p. 4).

## Discussion

The Court finds it convenient to divide the *pro se* action into the following counts. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

**Count 1**- Eighth Amendment claim against Defendants who told Lawrence inmates about Plaintiff's underlying convictions, thus endangering Plaintiff's safety;

**Count 2 -** Eighth Amendment claim against Defendants for failing to protect Plaintiff from assault by other inmates; and

**Count 3-** Fourteenth Amendment due process claim against Defendants for ignoring or mishandling Plaintiff's grievances.

**Count 1**

A prison official's harassment of an inmate may become actionable where it involves a "credible threat to kill, or to inflict any other physical injury." *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009). Allegations that a corrections officer has provoked or persuaded other inmates to cause harm to a plaintiff support an inference that the officer attempted to inflict injury on the plaintiff in violation of the Eighth Amendment. *See Irving v. Dormire*, 519 F.3d 441, 449 (8th Cir. 2008) (officer's attempt to have other inmates attack plaintiff may violate

4

Eighth Amendment, even where the plaintiff was not actually assaulted); *Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992) (Eighth Amendment claim stated where guard "intended to do harm to [a prisoner] by inciting inmates to beat him[;]" guard told other inmates that plaintiff was a snitch).

Plaintiff generally alleges this type of activity, and further asserts that he has been attacked and threatened as a result of prison officials informing inmates about Plaintiff's underlying convictions. However, a majority of the allegations are not directed at any particular Defendant. The only specific allegation pertains to Caye-Wood. Plaintiff alleges that Caye-Wood relayed this information to other inmates, knowing the information would place Plaintiff in danger, and that, as a result, Plaintiff has been threatened and assaulted by other inmates. The Court finds that Plaintiff's claims as to Caye-Wood are barely sufficient to survive preliminary review. However, as to all other Defendants, Count 2 fails to state a claim upon which relief may be granted. Accordingly, the remaining Defendants shall be dismissed without prejudice at this time. Plaintiff may re-plead this claim, naming additional Defendants, in an amended complaint, consistent with the requirements of Federal Rule of Civil Procedure 15(a) and SDIL–LR 15.1.

**Count 2**

It has long been established that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions

posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Here, Plaintiff has not alleged that he informed a specific Defendant about a specific, impending, and substantial threat to his safety. He only generally alleges that he filed grievances that were ignored. He does specifically allege that Goines ignored one or more grievances. However, there is absolutely no information regarding the content of this grievance or any specific allegation indicating that Goines "turned a blind eye" to an underlying constitutional violation. In summary, nothing in the Complaint indicates that Plaintiff told Goines or any other *specific* Defendant (allegations asserted against generic defendants or generic groups of defendants are insufficient) that he was concerned about a specific impending threat.

Accordingly, Count 2 fails to state a claim upon which relief may be granted. Count 2 shall thus be dismissed without prejudice at this time. Plaintiff may re-plead this claim in an amended complaint, consistent with the requirements of Federal Rule of Civil Procedure 15(a) and SDIL–LR 15.1.

**Count 3**

The fact that Defendants ignored or mishandled Plaintiff's grievances gives rise to no independent claim under the Due Process Clause of the Fourteenth Amendment. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). It is well-settled that the mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605,

6

609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). This is because "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli*, 81 F.3d at 1430. The Constitution requires no procedure. *Id*. For this reason, the failure of state prison officials to follow their own procedures does not, by itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). On this basis, Count 3 shall be dismissed with prejudice against all Defendants for failure to state a claim upon which relief may be granted.

### Injunctive Relief

As previously noted, Plaintiff is seeking injunctive relief, including placement in protective custody. Plaintiff's request for injunctive relief is directed against officials at Lawrence. Plaintiff is presently incarcerated at Menard. Generally, a prisoner's request for injunctive relief relevant to a particular institution is rendered moot upon his transfer to a different prison. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). However, if a prisoner can demonstrate he is likely to be retransferred, his request for injunctive relief may survive. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Considering the above, it is certainly possible that Plaintiff's request for injunctive relief is moot. Nonetheless, the Court will allow the claim to proceed to allow for further development of the record.

With respect to Plaintiff's request for injunctive relief, the warden is the appropriate party. *Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Accordingly, the Clerk will be directed to add Nicholas Lamb, the current warden of Lawrence, in her official capacity, for purposes of carrying out any injunctive relief that is ordered. As to all other Defendants, to the extent that any claims have been allowed to proceed, they go forward against these Defendants in their individual capacities only.

7

### Filing Fee

Plaintiff has not yet paid the filing fee or filed a motion to proceed in this case i*n forma pauperis*. The Clerk of this Court has mailed him a letter advising him of the need to pay the fee or file a motion to proceed *in forma pauperis*. If Plaintiff does not comply with that notification within the prescribed time period, his complaint will be dismissed.

### Disposition

The Clerk is **DIRECTED** to **TERMINATE DUNCAN, GOINES, HITCHCOX, RONIN, SAUNDERS, OCHS, WHEELER, HARPER, CASBURN, HOUGH, CARRIE, COOPER, KITTIE,** and **RAY** as parties in CM/ECF.

The **Clerk** is **DIRECTED** to add **NICHOLAS LAMB**, the warden of Lawrence, in her official capacity, for purposes of carrying out any injunctive relief that is ordered.

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review as to **CAYE-WOOD** in her individual capacity only. **COUNT 1** is **DISMISSED** without prejudice as to all other defendants for failure to state a claim.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** without prejudice as to all Defendants for failure to state a claim.

**IT IS FURTHER ORDERED** that **COUNT 6** is **DISMISSED** with prejudice as to all Defendants for failure to state a claim.

**IT IS HEREBY ORDERED** that as to **COUNT 1** the Clerk of the Court shall prepare for Defendants **LAMB** and **CAYE-WOOD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and

return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), if all parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 12, 2017**

**s/ MICHAEL J. REAGAN**
**Chief District Judge**
**United States District Court**