# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MATTEL MCCURRY,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:17-CV-296-NJR-GCS** |
| **STEVE DUNCAN, RUSSELL GOINS, GINA CAYWOOD, and CHRIS HICKOX,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Gilbert C. Sison, which recommends granting the Motion for Summary Judgment filed by Defendants (Doc. 68).

## BACKGROUND

Plaintiff Mattel McCurry is an inmate in the Illinois Department of Corrections ("IDOC") who brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights (Doc. 18). According to McCurry, in February 2016, Defendant Gina Caywood, a correctional officer at Lawrence Correctional Center, told other correctional officers, "McCurry's a piece of shit rapist, and I'm going to get rid of him and all the rest of the troublemakers" (Doc. 56, Ex. A, p. 13). Approximately ten other inmates overheard Caywood, including McCurry's cellmate, who asked McCurry about the comment (*Id*.). McCurry eventually told his cellmate about his conviction of aggravated criminal sexual

assault (*Id.*). Two days later, McCurry was moved to a new housing unit, but soon after he received a threatening letter from an unknown inmate that referenced his conviction (*Id.*). McCurry told his new cellmate about the letter, and they were involved in a physical altercation a few days later, in March 2016 (*Id.*). McCurry was involved in a second altercation with another inmate in August 2016 (*Id.*). He believes Caywood's comment caused the altercations and alleges Defendants failed to protect him from a known risk of harm, in violation of the Eighth Amendment (Doc. 18).

On September 21, 2018, Defendants moved for summary judgment, arguing McCurry cannot establish they created a risk to his safety, knew of the risk, or consciously disregarded that risk (Doc. 54). McCurry was warned that failing to respond to Defendants' motion may result in the dismissal of his case (Doc. 57), but he did not respond by the October 25, 2018 deadline.

On May 31, 2019, Judge Sison issued a Report and Recommendation that recommends granting Defendants' Motion for Summary Judgment (Doc. 68). Judge Sison notes that under Local Rule 7.1(c), failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the motion's merits. In this instance, more than six months elapsed between the deadline for McCurry's response and Judge Sison issuing the Report and Recommendation. During this period, McCurry did not respond to Defendants' motion.

Nonetheless, Judge Sison went on to address the merits of the motion. He found that McCurry was promptly transferred to another housing unit after Caywood referred to him as a rapist. Thus, to the extent Caywood created a risk of harm to McCurry, prison

officials took measures to protect him from any threat to his safety. In regard to the physical altercations, Judge Sison found there is no evidence prison officials knew or should have known about a threat because, "McCurry by his own testimony admitted that he did not tell anyone about receiving threatening kites" (Doc. 68, p. 3). Judge Sison concluded, "Without knowledge of the potential for harm, no reasonable jury could find in McCurry's favor on his failure to protect claim" (*Id.* at p. 4).

McCurry has not filed objections to the Report and Recommendation, which were due on or before June 17, 2019.

## DISCUSSION

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed the Motion for Summary Judgment, as well as Judge Sison's Report and Recommendation. It appears the Report and Recommendation mistakenly states that McCurry did not inform prison officials at Lawrence about the

threatening note he received prior to the March 2016 altercation with his cellmate. The Report and Recommendation states that McCurry "admitted he did not tell anyone about receiving threatening kites." (Doc. 68, p. 4). But the transcript from McCurry's deposition testimony does not support this conclusion. According to McCurry, he "instantly" showed a gallery officer the letter and told him he wanted to speak with Internal Affairs (Doc. 56, Ex. 1, p. 16). McCurry also claims that following the March 2016 altercation with his cellmate, but before the August 2016 altercation, he told officials at Lawrence about the letter and sent the letter to individuals at Internal Affairs in Springfield (*Id.* at pp. 17-20).

But any error in the Report and Recommendation does not change the outcome of this case. Almost eight months have passed since McCurry's deadline for responding to the Motion for Summary Judgment, and he has yet to file anything with the Court. As Judge Sison noted, under Local Rule 7.1(c), the Court may construe McCurry's non-response as an admission to the merits of the motion. Given the considerable amount of time that has passed since McCurry's deadline for responding to the Motion for Summary Judgment, the Court finds it appropriate to construe his silence as an admission to the motion's merits.

### CONCLUSION

Accordingly, the Court **ADOPTS** the Report and Recommendation to the extent it recommends granting the Motion for Summary Judgment. The Motion for Summary Judgment, filed by Gina Caywood, Steve Duncan, Russell Goins, and Chris Hickox, is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close

this case.

**IT IS SO ORDERED.**

**DATED:  June 21, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**